# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

|  |  |
|---|---|
| LORENDO M. MOBLEY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:09-cv-0833-LSC-JEO |
| CONSTANCE REESE, Warden, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This is a pro se petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. The petitioner, Lorendo Marquett Mobley, hereinafter referred to as the "petitioner," is a federal inmate currently incarcerated at the Federal Correctional Institution at Talladega, Alabama ("FCI Talladega"). The petitioner claims that he is attacking the execution of his sentence by the Federal Bureau of Prisons ("BOP"), based upon his ineligibility for a reduction in his sentence under 18 U.S.C. § 3621(e) despite his participation in FCI Talladega's Residential Drug & Alcohol Program.

District courts are to collect a filing fee of five dollars for petitions seeking a writ of habeas corpus unless the petitioner applies for, and is granted, leave to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. The petitioner's instant petition filed pursuant to 28 U.S.C. § 2241 qualifies as a habeas petition to which the filing fee requirement applies. *See Adams v. Attorney General*, 114 Fed.Appx. 85 (4th Cir. 2004); *Bell v. United States*, 2008 WL 360615, *1 (N.D. Fla. 2008); *Hairston v. Groneolsky*, 2007 WL 4554249, *1 n.1 (D.N.J. 2007). Because the court file did not show that the petitioner had paid the filing fee, the magistrate judge entered an

order on June 8, 2009, requiring the petitioner to either do so or to complete and file an application for leave to proceed in forma pauperis ("IFP"). (Doc. 2). The petitioner was further advised that his failure to do so within 20 days of the entry of that order would subject his petition to dismissal without further notice. (*Id.*). On August 17, 2009, the magistrate judge entered a second order, similarly stating that unless the petitioner paid the filing fee or filed an IFP application by August 27, 2009, his action would be dismissed without prejudice. (Unnumbered docket minute entry dated 8/17/2009). The petitioner has failed to comply.

Accordingly, the court concludes that this action is due to be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. A separate final order will be entered.

Done this 9th day of September 2009.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671